PROB 12C
(12/04)

# UNITED STATES DISTRICT COURT
for
## District of the Northern Mariana Islands

FILED
Clerk
District Court

SEP - 9 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

### Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Lea Decada Mendiola        Case Number: 02-00028-001

Name of Sentencing Judicial        Alex R. Munson

Date of Original Sentence: August 12, 2003

Original Offense: Wire Fraud, 18 U.S.C. § 1343; Mail Fraud, 18 U.S.C. § 1341

Original Sentence: Three months imprisonment followed by three years of supervised release with conditions to include home detention with electronic monitoring for three months; obey all federal, state, and local laws; comply with the standard conditions of probation; refrain from possession of a firearm; refrain from use or possession of illegal controlled substances and submit to one urinalysis within 15 days of release, and to two more thereafter; participate in a mental health treatment program; obtain and maintain gainful employment; not travel outside the Northern Mariana Islands without the approval of the court; perform 200 hours of community service, pay restitution in the amount of $34,021.61 and a $400 special assessment fee; not incur any new lines of credit or debts without prior notice and approval of the U.S. Probation; and submit financial statements to the U.S. Probation Office upon request; On May 21, 2004, Supervised release conditions were modified to include: not leave the island of Tinian without prior permission of the U.S. Probation Office; refrain from any use of alcohol; comply with the orders of the Northern Mariana Islands Superior Court in criminal case 03-0381T and DPS report number 03-765T, Commonwealth of the Northern Mariana Islands vs. Ignacio A. Cabrera.

Type of        Supervised Release        Date Supervision Commenced: December 18, 2003

Assistant U.S.        Timothy E. Moran        Defense Attorney: Colin M. Thompson

### PETITIONING THE COURT

[X] To issue a warrant

[ ] To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1<br>Mandatory Condition (1) | Failure to refrain from committing another federal, state, or local crime; |
| 2<br>Special Condition (14) | Failure to comply with the orders of the Northern Mariana Superior Court in criminal case 03-0381T and DPS number 03-765, Commonwealth of the Northern Mariana Islands vs. Ignacio A. Cabrera. |
| 3<br>Standard Condition (3) | Failure to answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer; |
| 4<br>Standard Condition (9) | Failure to comply with the condition not to associate with any persons engaged in criminal activity and not associate with any person convicted of a felony, unless granted permission to do so by the probation officer; |
| 5<br>Standard Condition (11) | Failure to notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer; |
| 6<br>Special Condition (1) | Failure to serve three months of home detention, which shall include electronic monitoring under the direction of the U.S. Probation Office. The defendant shall pay all or part of the costs of the program based on her ability to pay as determined by the probation officer; |

U.S. Probation Officer Recommendation:

☐ The term of supervision should be

    ☒ revoked.

    ☐ extended _____ years, for a total term _____ years.

☐ The conditions of supervision should be modified as follows:

*See attached report*

Reviewed by:

*[signature]*
Rossanna Villagomez-Aguon
U.S. Probation Officer
Supervision Unit Leader
Date: 9/7/05

Reviewed by:

*[signature]*
Timothy E. Moran
Assistant U.S. Attorney
Date: 9/9/05

I declare under penalty of perjury that the foregoing is true and correct.

*[signature]*
Margarita DLG. Wonenberg
U.S. Probation Officer
Executed on: 9-9-05

---

THE COURT ORDERS:

☐ No action.
☒ The issuance of a warrant.
☐ The issuance of a summons.
☐ Other

*[signature]*
Signature of Judicial Officer

9-9-2005
Date

# UNITED STATES DISTRICT COURT
## FOR THE
# NORTHERN MARIANA ISLANDS

| | | |
|---|---|---|
| United States of America | ) | USDC Cr. Cs. No. 02-00028-001 |
| Plaintiff, | ) | |
| | ) | |
| | ) | **DECLARATION IN SUPPORT OF PETITION** |
| vs. | ) | |
| | ) | |
| Lea Decada Mendiola | ) | |
| Defendant. | ) | |
| | ) | |

I, U.S. Probation Officer Margarita DLG Wonenberg, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of supervised release for Lea Decada Mendiola, and in that capacity declare as follows:

On August 12, 2003, Lea Decada Mendiola was sentenced to three months imprisonment followed by three years supervised release for the offense of Wire Fraud, in violation of 18 U.S.C. § 1343, and Mail Fraud, in violation of 18 U.S.C. § 1341. Ms. Mendiola commenced her term of supervised release on December 18, 2003. On May 21, 2004, supervised release conditions were modified to include that she shall refrain from any use of alcohol and comply with the orders of the Northern Marianas Superior Court in criminal case 03-0381T and DPS number 03-765T, Commonwealth of the Norther Mariana Islands vs. Ignacio A. Cabrera. She is alleged to have violated the following conditions:

**Mandatory Condition:** *That the defendant shall not commit another federal, state, or local crime.*

**Special Condition:** *The defendant shall comply with the orders of the Northern Mariana Superior Court in criminal case 03-0381T and DPS number 03-765T, Commonwealth of the Northern Mariana Islands vs. Ignacio A. Cabrera.*

On July 11, 2005, Lea Mendiola was arrested by officers of the Tinian Department of Public Safety on a Declaration of Probable Cause Complaint which alleged Child Abuse and Neglect and Obstruction of Justice filed in the Northern Mariana Islands Superior Court on July 7, 2005.

The Declaration stated that on July 5, 2005, the Attorney General's Office requested the Department of Public Safety on Tinian island for assistance to locate Lea Mendiola and her two minor children. Detectives Melvin Monkeya and Charlotte Palacios contacted Lea Mendiola, who informed them that her children were in a rented room at the Tinian Dynasty Hotel & Casino. The detectives and Mendiola went to the hotel to get the Mendiola children. However, when they arrived,

DECLARATION IN SUPPORT OF PETITION
Re:　　MENDIOLA, Lea D.
USDC Cr. Cs. No. 02-00028-001
September 7, 2005
Page - 2 -

hotel staff verified that Mendiola and her children were not registered guests. Lea Mendiola continued to insist that she left her children at the hotel. The detectives returned to the station where Mendiola was released. She informed the officers that she was going back to the Tinian Dynasty Hotel & Casino to look for her children. Detective Palacios followed her, and Mendiola drove directly to Ignacio Cabrera's residence. The detective saw Cabrera come out to meet Mendiola and a shadow passed by the front windows of the house which the detective suspected was one of the Mendiola children.

On July 6, 2005, Detective Monkeya approached Cabrera at Senator Joaquin Adriano's office and asked him if the Mendiola children were at his residence and Cabrera said no. The detective obtained Cabrera's consent to search his house. Together, they went to Cabrera's residence where Cabrera showed them around the house. When Cabrera opened his bedroom door, he immediately shut it, but not before detective Monkeya detected someone in the room. Cabrera continued to deny having anyone in his bedroom but after a second look, the Mendiola children were found standing behind the door of Cabrera's bedroom. According to Cabrera, he did not know how the children got to his bedroom. He was arrested for violating his bail conditions.

On July 11, 2005, Lea Mendiola was charged with Count I: Child Neglect, in violation of 6 CMC § 5312(a)(2) and Count II: Child Neglect, in violation of 6 CMC § 5312(a)(2), in the Northern Mariana Islands Superior Court criminal case 05-214T. The Information stated that on or about July 6, 2005, Lea Mendiola, through wilful or negligent act or omission failed to provide a child, to wit: L.M. (d.o.b. 5-03-92) and N.M. (d.o.b. 2-07-94), who are under the age of 18 and who are in the person's custody, with adequate supervision, with the result that the children's physical or mental health and well-being are harmed or threatened. The offenses as charged are punishable by 6 CMC § 5312(c), the maximum penalties includes a term of imprisonment of five years and up to $5,000 fine.

A records check with the Northern Marianas Superior Court showed that a Status Conference was scheduled for August 25, 2005. Lea Mendiola is detained at the Department of Corrections in Susupe, Saipan.

**Standard Condition:** *That the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;.*

Lea Mendiola was instructed several times by the probation officer to refrain from allowing any contact between her children and their alleged perpetrator, Ignacio A. Cabrera, nor bring them to his house. On June 10, 2005, Mendiola informed this probation officer that she has not and will not bring her children in contact with Cabrera. According to Detective Charlotte Palacios, on July 6, 2005, Mendiola admitted to bringing her children to Cabrera's residence to eat, shower, and get clothes since June 8, 2005.

DECLARATION IN SUPPORT OF PETITION
Re: MENDIOLA, Lea D.
USDC Cr. Cs. No. 02-00028-001
September 7, 2005
Page - 3 -

**Standard Condition:** *The defendant shall not associate with any persons engaged in criminal activity and not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.*

Lea Mendiola's conduct under supervision regarding the Cabrera case is a pattern of noncompliance. She continues to associate with Cabrera and allows contact between him and her minor children despite an Bail order that orders Cabrera to stay away from the children.

**Standard Condition:** *The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.*

Lea Mendiola was arrested on July 11, 2005. To this date, she has not notified the probation officer of her arrest. According to Department of Public Safety, she was brought to the station, processed, and detained on July 11, 2005, and that she has access to a telephone.

**Officer Recommendation:** This probation officer respectfully requests that the Court issue a Warrant and Writ of Habeas Corpus for Lea Mendiola to appear at a hearing scheduled by the Court, and during that hearing, she be held to answer or show cause why supervise release in this case should not be revoked, or for any reason or cause which the Court may deem just and proper pursuant to 18 U.S.C. § 3583.

Executed this 7th day of September 2005, at Saipan, MP, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

Respectfully submitted,

MARGARITA DLG WONENBERG
U.S. Probation Officer

Reviewed by:

ROSSANNA VILLAGOMEZ-AGUON
U.S. Probation Officer
Supervision Unit Leader

cc: Timothy E. Moran, Assistant United States Attorney
     Colin Thompson, Defense Attorney
     File

## VIOLATION WORKSHEET

1. Defendant     Lea Decada Mendiola

2. Docket Number (Year-Sequence-Defendant No.)     02-00028-001

3. District/Office     Northern Mariana Islands

4. Original Sentence Date     08 / 12 / 03
                                      month  day  year

(If different than above):

5. Original District/Office     N/A

6. Original Docket Number (Year-Sequence-Defendant No.)     N/A

7. List each violation and determine the applicable grade (see §7B1.1(b))

| Violation(s) | Grade |
|---|---|
| • Failure to refrain from committing another federal, state, or local crime; | A |
| • Failure to comply with the orders of the Northern Marianas Superior Court in criminal case 03-0381T and DPS number 03-765, Commonwealth of the Northern Mariana Islands vs. Ignacio A. Cabrera; | C |
| • Failure to answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer; | C |
| • Failure to refrain from associating with any persons engaged in criminal activity and from associating with any person convicted of a felony, unless granted permission to do so by the probation officer; | C |
| • Failure to notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement agency | C |

8. Most Serious Grade of Violation (see §7B1.1(b)     **A**

9. Criminal History Category (see §7B1.4(a)     **I**

10. Range of Imprisonment (see §7B1.4(a))     **12 - 18 months**

11. Sentencing Options for Grade B and C Violations Only (Check the appropriate box):

[ ] (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

[ ] (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

[x] (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Defendant: Lea Decada Mendiola

12. **Unsatisfied Conditions of Original Sentence**

List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

| Restitution ($) | $34,498.17 | Community Confinement | NA |
|---|---|---|---|
| Fine ($) | NA | Home Detention | Three Months |
| CS | -0- balance | Intermittent Confinement | NA |

13. **Supervised Release**

If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

Term: _____ to _____ years.

If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

Period of supervised release to be served following release from imprisonment: 18-24 months

14. **Departure**

List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

15. **Official Detention Adjustment** (see §7B1.3(e)): 0 months 0 days